Buford, J.,
 

 (dissenting in part) : I am unable to agree with the opinion prepared by Chief Justice Terrell in which it is held that section 1 of chapter 11812, Acts of 1927, is valid. The title of that Act is, “An ACT to Define and Punish Arson, and to Repeal Sections 5106, 5107, 5109, 5110, 5111 and 5114 of the Revised General Statutes of the State of Florida, Relating thereto.” The body of the Act following the title embraces more than one subject and matter not properly connected therewith. The title of the Act is two-fold. First', it is an Act to define and punish arson. Next, it is an Act to repeal six sections of the Revised General Statutes, one of which is section 5106. This section condemned an Act which at common law constituted arson, but it did not declare that offense to be arson. Such offense, nevertheless is arson. The other five.sections denounced as crimes certain acts which were not embraced within the crime of arson under the common law and which were not declared to be arson under the provisions of our statutes. The language in the title of the Act here under consideration, to-wit: “Relating Thereto” is misleading and of no force and effect because five of the
 
 *1059
 
 sections of the Revised General Statutes referred to in the title and in the body of the Act do no relate to arson.
 

 . Section 6 of the Act attempts to repeal six different sections of the Revised General Statutes. If that section is valid then we have no statutory provision in this State tO' punish as crimes the act's which are denounced in sections 2, 3, 4 and 5 of the Act here under consideration.
 

 The Court is not authorized to assume to determine that it was the intent of the legislature to pass an Act to- define and punish arson and strike down the remainder of the Act. It was entirely within the legislative prerogative to repeal the sections sought to be repealed by the Act and to leave nothing standing in the place thereof.
 

 That part of the title of the Act, “An Act to Define and Punish Arson” is fulfilled by section 1 of the proposed Act and that part of the title of the Act, ‘To Repeal Sections 5106, 5107, 5109, 5110, 5111 and 5114 of the Revised General Statutes of Florida,” is fulfilled by section 6 of the Act. Therefore, both the title of the Act and the body of the Act relate to different subjects not properly connected one with the other.
 

 For the reasons stated, the entire Act should be held void. See Ex Parte Norman A. Wynn, decided May 20, 1930.
 

 Eluis, J., concurs.